Curia per
Nott, J.
I concur with the Recorder in opinion, that whatever is necessarv to constitute the o'f- *474 fence must be set out in the indictment; but it does not appear to me to be strictly applicable to this case. The erection of any building which, from its disagreeable odour or noxious effluvia, is offensive or unwholesome, may be a nuisance, 4 Blk. Com. 167 j 1 Russell, 428-9; 9 Coke, 57; but whether it actually is, or is not so, must depend upon circumstances. A house that would be a nuisance in one place, will not be so in another. Thus, for instance, it is said that a brew house, glass house, chandler’s shop, or stye for swine, set up in such part of a town as to incommode the neighborhood, are nuisances. 5 Bacon Tit. Nuisance A. But neither of these would be nuisances, if erected in the country, or such part of a town that nobody would be annoyed by them. It appears to me, therefore, that two things only are necessary to constitute the offence. First, that from the nature of the establishment, it may be an annoyance ; and, secondly, that from its situation it has actually become so. Those two things, therefore, is all that are necessary to set out in the indictment. A house, which from the purposes for which it is used, or the situation in which it is placed, may not be a nuisance, may become so from the negligent and filthy state in which it is kept, and when that is the ground for prosecution it must be laid in the indictment. The allegation in the present instance is, that the defendant has erected a building (which must be necessarily more or less offensive) in such a part of the town as to incommode all the neighborhood. It is not because it is negligently kept that it has become so; but that however it may be kept, the effect would, from the situation in which*it is placed, be the same. It was, therefore, a question for the Jury to determine, and not for the Court; and that appears manifest from the ground of defence relied on in this Court. It is said, that the residence of the defendant is in a thickly settled part of *475 the town, where it is impossible for him to erect such a building on any part of his lot, but that some of his neigh-bours must be offended; and that he could select no spot less inconvenient to them than the one which he has chosen. Clustering together in a crowded town, necessarily brings with it many inconveniences — a scolding woman, clamorous servants, and crying..,childrgn, are sometimes a great annoyance ; but these are the penalties which a person must pay for a city life. Much also depends upon habit and education. The narrow lanes and streets of a town are offensive to a person who has always been accustomed to the. free and unconfined air of the country.— Even the fashionable etiquette of a town is irksome to a person who has been accustomed to indulge in the fami<-liar and unrestrained intercourse of a country life. What, therefore, would be a nuisance to one person, would be no inconvenience to another. What would be a nuisance in one situation of life, would in another be the necessary result of a combination of circumstances not to be avoided. These are considerations which must generally constitute a part of every «jase of this sort. Now, whether the defendants in this case has been guilty of unnecessarily erecting a building in a situation which is offensive to a neighborhood, or whether the inconvenience which they experience is the necessary result of circumstances which are beyond his co.ntroul, is the question submitted for consideration, and that is a question which belonged to the Jury to determine, and not to the Court. I am of opinion, therefore, that the decision ought tobe reversed, and the cause tried on its merits.

Judgment reversed.